NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0593n.06

No. 12-3874

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 21, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JOHN W. WHITE, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and SUHRHEINRICH, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM.  John W. White, a federal prisoner, appeals his sentence of sixty-six months of imprisonment, imposed following his guilty plea to two counts of being a felon in possession of a firearm.

The presentence report prepared in this case calculated a guidelines range of 84 to 105 months of imprisonment.  However, at the sentencing hearing, the district court declined to apply the recommended four-level enhancement to the base offense level for possessing the firearms in connection with another felony.  This  resulted in a guidelines range of 57 to 71 months.  White also argued that a two-level enhancement for possession of three firearms, *see* USSG § 2152.1(b)(1)((A), should not apply, because he was justified in possessing one of the three firearms.  White argued that

_____

[*]The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

he took the weapon in question from his girlfriend in self-defense, during a domestic dispute. The district court rejected this argument.

On appeal, White argues that his sentence is procedurally unreasonable because the district court failed to properly calculate the guidelines range when it applied the enhancement for possessing three weapons. *See United States v. Bartee*, 529 F.3d 357, 358 (6th Cir. 2008). In this case, White's DNA was found on all three weapons, and the district court found that he possessed the weapons. White does not dispute this, but argues that his possession of one of the weapons was justified, rendering the enhancement for possessing three weapons procedurally unreasonable.

A district court makes factual findings in a sentencing proceeding by a preponderance of the evidence. *United States v. Sexton*, 512 F.3d 326, 329-30 (6th Cir. 2008). We review legal conclusions regarding the application of the sentencing guidelines de novo. *United States v. Hover*, 293 F.3d 930, 933 (6th Cir. 2002).

To establish a justification defense, a defendant must present evidence showing: (1) that he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; (2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to engage in criminal conduct; (3) that he had no reasonable, legal alternative to violating the law; (4) that a direct casual relationship can be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; and (5) that he did not engage in the illegal conduct any longer than absolutely necessary. *See United States v. Newcomb*, 6 F.3d 1129, 1134-35 (6th Cir. 1993).

No. 12-3874
*United States v. White*

In this case, White argued that he was justified in possessing one of the three weapons because he had to confiscate it from his girlfriend during a domestic dispute, stating:

> As far as the guns, the girlfriend thing, my long-term girlfriend on Manchester; never had any drug trade in her life. Me and her got in a fight when she found out I was messing with some girl, ended up taking the gun off her, took it to my mom's, and I went to my house in Struthers. I told her where they were and went to get them, and sometime during that process, they raided the house and got that gun, too.

White's vague statements about his possession of one of the weapons were insufficient to prove that he possessed it only for justifiable reasons. There was no evidence presented to show that White did not have access to the firearm in question on other occasions, that he did not provoke his girlfriend into relying on the firearm in their dispute, or that he possessed it only as long as necessary for his self-defense.

Accordingly, the district court's judgment is affirmed.